JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN HERNANDEZ, | ) | Case No. CV 25-0042 FMO (ASx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER REMANDING ACTION** |
| TERMINIX INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

On October 4, 2024, Ruben Hernandez ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against defendants Terminix International, Inc., The Terminix International Company Limited Partnership, The ServiceMaster Company, LLC, (collectively, "corporate defendants"), and Michael Johnson ("Johnson") (collectively, "defendants") asserting state law claims relating to his employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1 & 6); (Dkt. 1-1, Complaint at ¶¶ 27-86). On January 2, 2025, the corporate defendants removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1441 and 1446. (See Dkt. 1, NOR at 1). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## **LEGAL STANDARD**

Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569-

70 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

"applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[2] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

## DISCUSSION

The corporate defendants removed the action from state court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 8). Plaintiff is a citizen of California, (see id. at ¶ 9), whereas the corporate defendants are not. (Id. at ¶¶ 11-23). However, Johnson is a citizen of California. (See id. at ¶ 25); (Dkt. 1-1, Complaint at ¶ 5).

Relying on § 1441(b)(2), the so-called "forum defendant rule," see Casola v. Dexcom, Inc., 98 F.4th 947, 950 (9th Cir. 2024), the corporate defendants contend that Johnson's California citizenship should be ignored because he "has not been served and is not currently a party to this case." (See Dkt. 1, NOR at ¶ 25). Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Based on their interpretation of § 1441(b)(2), the corporate defendants attempted to effect "what is known as a 'snap removal' – filing [their] notice[] of removal before service of the summons and complaint" on Johnson, the forum defendant. See Casola, 98 F.4th at 950. The Ninth Circuit has declined to rule on "the permissibility of snap removals[,]" id. at 950 n. 1, and thus there remains a "split among courts on how to handle [them]." See Kornfeind v. Kia Am., Inc., 2023 WL 8456111, *2 (C.D. Cal. 2023) (noting the lack of controlling authority).

The corporate defendants' reliance on § 1441(b)(2) is misplaced. Section 1441(b)(2) "does not render the citizenship of non-served defendants irrelevant for purposes of establishing diversity

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

1  jurisdiction and the right to remove[.]" Pinter v. Arthur J. Gallagher Service Co., LLC, 2016 WL
2  614348, *4 (C.D. Cal. 2016).  In other words, the forum-defendant rule only comes into play if
3  there is complete diversity among the opposing parties under § 1332(a).  It does not abrogate the
4  requirement that complete diversity exist in order to establish the court's diversity jurisdiction.  See
5  Trotta v. URS Fed. Servs., Inc., 532 F.Supp.3d 985, 986 (D. Haw. 2021) ("Defendants
6  misapprehend the snap removal doctrine, which cannot create jurisdiction where, as here, the
7  parties are not diverse in the first instance."); Menchaca v. Howmet Aerospace, Inc., 2023 WL
8  2504995, *3 (C.D. Cal. 2023) (remanding where defendant attempted to use snap removal to
9  establish complete diversity of citizenship).  The court thus joins other district courts in holding that
10 "[w]hen evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply
11 because the defendant has not yet been served." Greenway Nutrients, Inc. v. Pierce, 2022 WL
12 17486359, *2 (C.D. Cal. 2022) (internal quotation marks omitted).

    In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded that the corporate defendants have met their burden.  Therefore, there is no basis for diversity jurisdiction.

    **This order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

    Based on the foregoing, IT IS ORDERED that:

    1. The above-captioned action shall be **remanded** to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 30th day of January, 2025.

                                                      /s/
                                            Fernando M. Olguin
                                            United States District Judge